

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. E. Gilmer, Chairman
Committee on Judiciary and Uniform State Laws
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. 0-3661
Re: Is S. B. 288 (courthouse
employees) a local or
special bill?

Your letter of June 10, 1941, requesting the opinion of this Department upon the above stated question has been received.

We quote from your letter as follows:

"I hand you here copy of S. B. No. 288 by Senator Spears, which is pending in the House Committee on Judiciary and Uniform State Laws, and request that you advise me, as Chairman of this committee, whether or not this bill is unconstitutional as a local or special bill under the authority of the recent case of J. R. Miller, et al. v. the County of El Paso, Texas, et al."

Senate Bill No. 288 reads as follows:

"A bill to be entitled, an act providing that the Commissioners' Courts in counties of more than three hundred twenty-five thousand (325,000) and less than three hundred seventy-five thousand (375,000) inhabitants, according to the last preceding Federal Census, shall have the authority to direct, control, employ and discharge all building superintendents, telephone operators, elevator operators, janitors and all other employees necessary

Hon. C. H. Gilmer, page 2

to the upkeep, maintenance and operation of the
court houses in their counties, excepting jail
guards, matrons and other employees directly engaged
in the operation and maintenance of the jails and
the safekeeping of prisoners in such counties, pres-
cribing rules regarding such employees, and limita-
tions upon the amount of salary to be paid, the
method of employing and accounting, and the period
for which such employment shall be made, and declar-
ing an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1.  In all counties in this State having
a population of more than three hundred twenty-five
thousand (325,000) and less than three hundred seventy-
five thousand (375,000) inhabitants, according to the
last preceding Federal Census, all employees nec-
essary to the repair, maintenance, and operation of
the court houses of such counties, shall be under the
direction and control of the Commissioners' Court.
The County judge shall designate a building superin-
tendent, and the Commissioners' Court shall appoint
all other necessary employees subject to confirmation
by said Court.  The Court shall have the right to
discharge any such employee at any time for cause.
Such appointments shall be in writing, shall be signed
by the employee, state the nature of the duties to
be performed, the period for which such employment is
made, the hours to be worked, and the amount to be
paid, and shall conform to the requirements of and be
subject to the limitations provided by Section 19,
Chapter 465, Acts of 1935, 44th Legislature, Second
Called Session.  Such employment shall in no event
extend beyond January 1st of the year succeeding the
appointment, but may be renewed from year to year.
The number of persons to be employed and the amounts
to be paid shall be fixed by the Commissioners' Court.
All laws regulating the making of employments, the
accounting of funds, and all budget laws and regula-
tions applicable to the counties to which this Act
applies, shall apply to such employments, except in-
sofar as in conflict with this Act, in which event
this Act shall control.  All employees, including
jail guards, matrons, elevator operators and other
such employees engaged in the operation of the jails

Hon. C. H. Gilmer, page 3

In such counties shall continue to be employed
and discharged by the Sheriff in the manner now pro-
vided by law, and all employees necessary for the
proper conduct of the jails or the safekeeping of
the prisoners shall be subject to the exclusive
direction and control of the Sheriff of such county.

"Sec. 2. The fact that the Court of Civil
Appeals at San Antonio has recently held that all
court house maintenance employees are subject to
the exclusive direction and control of the Sheriff,
and may be employed and discharged only by the
Sheriff, and the further fact that it has been the
custom, policy and established rule that all such
employees have been employed and discharged by the
Commissioners' Court as employees of the county, and
that the holding of the Court of Civil Appeals
creates confusion with respect to the repair, main-
tenance, operation and upkeep of public buildings
in the larger counties, and increases the cost of
operation therein, creates an emergency and an impera-
tive public necessity that the Constitutional Rule
requiring bills to be read on three several days in
each house be suspended, and said Rule is hereby
suspended, and this Act shall take effect and be in
force from and after its passage, and it is so enacted."

It is stated in effect in Section 2 of the above mentioned
bill that the holding of the Court of Civil Appeals, San Antonio,
Texas, creates confusion with respect to the repair, maintenance,
operation and upkeep of public buildings in the large counties,
etc. In this connection, we wish to call your attention to the
case of Charles W. Anderson, County Judge, et al, plaintiff in
error v. Will W. Wood, Sheriff, defendant in error, the case
referred to in above mentioned bill, where the Supreme Court of
Texas through Honorable James P. Alexander, Chief Justice,
reversed the judgment of the Court of Civil Appeals and the
judgment of the trial court was affirmed. However, it is to be
noted that a motion for rehearing has been filed in this case
before the Supreme Court and has not yet been acted upon by
said court.

Section 56 of Article 3 of the State Constitution pro-
vides in part:

"The legislature shall not, except as other-
wise provided in this Constitution, pass any local

Hon. C. H. Gilmer, page 4

or special law, . . . . regulating the affairs of
counties, cities, towns, wards or school districts
. . . creating offices, or prescribing the powers
and duties of officers, in counties, cities, towns,
election or school districts . . . and in all other
cases where a general law can be made applicable,
no local or special law shall be enacted; provided
that nothing herein contained shall be construed to
prohibit the Legislature from passing special laws
for the preservation of the game and fish of this
State in certain localities."

We have carefully considered Senate Bill No. 288, supra,
in connection with the recent case of J. R. Miller, et al vs.
the County of El Paso, Texas, et al, which opinion was handed
down on the 23rd day of April, 1941, by the Supreme Court,
and the authorities cited therein. Therefore, it is our opin-
ion that Senate Bill No. 288 is a local or special bill
attempting to regulate the affairs of counties and prescribing
the powers and duties of certain officers mentioned therein.
Therefore, Senate Bill No. 288, supra, is unconstitutional and
void.

Trusting that the foregoing fully answers your inquiry,
we are

APPROVED JUN 20, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:N

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN